IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GERALD WILSON THOMAS, TDCJ-CID No. 02275195,<br><br>Plaintiff,<br><br>v.<br><br>AMY J. FLORES, *et al.*,<br><br>Defendants. | 2:21-CV-061-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR PRELIMINARY INJUNCTION

Before the Court is Plaintiff's Motion for Preliminary Injunction ("Motion") (ECF No. 12), filed December 30, 2021. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. The Court granted Plaintiff permission to proceed *in forma pauperis*. The Court ordered service of the Motion on the Attorney General to respond on behalf of TDCJ. ECF No. 15. The Attorney General filed the "Martinez Report" on April 1, 2022. ECF Nos. 19, 24. Plaintiff filed a Response to the Martinez Report. ECF No. 30. For the reasons discussed herein, the Court **DENIES** Plaintiff's Motion.

### FACTUAL BACKGROUND

Plaintiff brought his lawsuit challenging his safety while housed at the Bill Clements Unit of TDCJ. ECF No. 3 at 3. Plaintiff alleges that his Eighth Amendment rights are violated by TDCJ personnel and the TDCJ classification unit due to their refusal to properly house the Plaintiff and address his concerns with his conditions of confinement. *Id.* at 5–11. Plaintiff seeks to be housed

in protective custody or transferred to another unit and provided protection from gang members who target Plaintiff. *See id.*

**LEGAL STANDARD**

A federal court may issue a preliminary injunction to protect a plaintiff's rights until his or her case has been finally determined. *See* FED. R. CIV. P. 65(a); 11A CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2941 (3d ed. 2020). A preliminary injunction is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal marks omitted).

To obtain a preliminary injunction, a movant must prove: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Robinson v. Hunt County*, 921 F.3d 440, 451 (5th Cir. 2019) (internal marks omitted). A party moving for a preliminary injunction must prove *all* four elements. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018); *Doe v. Landry*, 909 F.3d 99, 106 (5th Cir. 2018).

**ANALYSIS**

Plaintiff seeks preliminary injunctive relief in the form of being placed back into "safekeeping" (*e.g.*, protective custody). ECF No. 12 at 2. The Attorney General filed a Martinez Report challenging Plaintiff's claims that TDCJ has ignored Plaintiff's housing needs. ECF No. 19. In connection with the pending Motion, the Attorney General submitted supplemental materials to the Martinez report consisting of mental health records (Exhibit A), grievance records (Exhibit B), TDCJ Classification Records and Disciplinary Records (Exhibit C), sentencing calculation records (Exhibit D), OIG Investigation records (Exhibit E), Emergency Action Records

2

(Exhibit F), Prison Rape Elimination Act Records ("PREA") (Exhibit G), Ombudsman and Life in Danger records (Exhibit H), and Clements Unit rules and TDCJ housing policies (Exhibit I). ECF Nos. 24-1–24-21.

### A. Substantial Likelihood of Success on the Merits

The Eighth Amendment prohibits cruel and unusual punishment. U.S. CONST. AMEND. VIII. An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The test for deliberate indifference has both an objective and subjective prong. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). To prove the subjective prong of the deliberate indifference test, the inmate "must show both: (1) that the defendant was aware of facts from which the inference of an excessive risk to the [inmate's] health or safety could be drawn; and (2) that the defendant actually drew the inference that such potential for harm existed." *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).

#### 1. *Plaintiff's Eighth Amendment claim fails.*

In seeking preliminary injunctive relief, Plaintiff contends he has a history of being assaulted and prison officials should protect him from future harm by restoring his safekeeping status. ECF No. 12 at 5–11. In response to the evidence presented as part of the Martinez Report, Plaintiff disputes that he was the aggressor against other inmates in situations that resulted in his current housing classification. ECF No. 30 at 1–4. Plaintiff also argues that the Martinez Report incorrectly portrays the recreational time allotted to individuals and the manner in which the recreation is allowed. *See id.*

The evidence presented by Defendants in the Martinez Report as supplemented contradicts any allegations that prison officials acted with deliberate indifference to Plaintiff's health and safety. These defendants have submitted evidence showing: (1) Plaintiff was the aggressor against other inmates; (2) the classification units of TDCJ have properly considered Plaintiff's housing status as required; (3) TDCJ has investigated Plaintiff's PREA claims and other harassment and housing claims; and (4) TDCJ has ultimately approved Plaintiff's housing designations after proper consideration of his claims.

Rather than demonstrate TDCJ officials — including the named Defendants — were aware of and ignored any risk of substantial harm to Plaintiff, the available evidence instead reflects that prison officials took steps to address Plaintiff's complaints and alleviate potential risks of harm. Plaintiff has not submitted any evidence to suggest that he is currently at substantial risk of serious harm or that the named Defendants are aware of any risk of such harm to him. Plaintiff, therefore, fails to establish at this time a substantial likelihood of success on the merits of his Eighth Amendment claim.

2. *Plaintiff's due-process claims fail.*

The Supreme Court consistently holds a prisoner lacks a constitutional right to be confined in any particular place or otherwise avoid being transferred to another prison. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement."); *McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("[T]he Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently

4

extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons."). Likewise, "a prison inmate does not have a protectible liberty or property interest in his custodial classification[,] and an inmate's disagreement with a classification is insufficient to establish a constitutional violation." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

In view of these well-settled principles and the evidence presented in the Martinez Report, Plaintiff cannot establish at this time a substantial likelihood of success on the merits of his due-process claims challenging the removal of his safekeeping status and various prison transfers.

### B. Irreparable Harm

While Plaintiff indicates he is likely to suffer a serious injury if not returned to safekeeping status, such complaints of irreparable harm are speculative at best. As noted above, Plaintiff provides the Court with no indication that he is currently at risk of imminent injury while housed at the Bill Clements Unit. Thus, Plaintiff fails to demonstrate a substantial threat that he will suffer irreparable injury if the injunction is denied.

### C. Threatened Injury Outweighs Damage

Plaintiff must demonstrate the threatened injury outweighs any damage that the injunction might cause the defendant. *Sepulvado*, 729 F.3d at 417. Plaintiff's allegations of irreparable harm do not amount to a constitutional violation at this stage in the proceedings, and in the absence of such a violation, the Court is reluctant to interfere in the internal affairs of a state prison system. *See Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988).

### D. Public Interest

Lastly, interference with TDCJ policies related to Plaintiff's classification and housing assignments at this early stage in the proceedings would not be in the public's interest without a full opportunity for the facts to be developed beyond Plaintiff's allegations. *See id.* at 951.

5

Accordingly, Plaintiff fails to demonstrate all elements required to show entitlement to a preliminary injunction.

### CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion.

**SO ORDERED.**

August 23, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE